CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY E. RAMEY, | ) | Civil Action No. 7:10cv00356 |
| Plaintiff, | ) ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | By: Samuel G. Wilson United States District Judge |
| Defendant. | ) ) | |

This is an action by plaintiff, Anthony E. Ramey, pursuant to 42 U.S.C. § 405(g) for review of a decision by the Commissioner of Social Security denying Ramey's claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383(f). The matter is before the court on cross motions for summary judgment. The court finds that substantial evidence supports the Commissioner's final decision and enters summary judgment in his favor.[1]

I.

In 1984, Ramey sustained an injury to his right hand that resulted in the amputation of his thumb and two fingers. Since the injury, he has worked as a short-order cook, packer, dishwasher, and forklift operator. In 2004, due to pain and arthritis in his injured hand, he applied for supplemental security income. In an October 24, 2005 decision on that application, an administrative law judge ("ALJ") found that Ramey was capable of performing his past relevant work and denied the application. The application was then denied at all levels of

---

[1] Ramey has filed a motion for summary judgment in which he claims that the ALJ failed to accord proper weight to the opinions of his treating physician and to the opinions of his vocational evaluator, and that the ALJ erred in accepting and relying on the testimony of a vocational expert in that it was inconsistent with the Dictionary of Occupational Titles and the Vocational Expert Handbook published by the Social Security Administration. Consistent with this opinion, that motion is denied.

administrative review, and this court entered an opinion on December 14, 2006 finding the Commisioner's decision to be supported by substantial evidence. Ramey claims that he became disabled on October 25, 2005—one day after the ALJ's denial of his previous application.

Ramey essentially claims that his impairment has worsened. Ramey now reports that the pain in his right hand has increased and that it sometimes radiates up to his right elbow or shoulder and requires that he lie down during the day to relieve it. His present application was twice denied at the lower levels of administrative review and Ramey filed a written request for a hearing on the application. The hearing was held on May 21, 2008. In addition to hearing live testimony from Ramey and an impartial vocational expert, the ALJ reviewed records from Ramey's treating physician and his pain management specialist. Ramey's treating physician opined that Ramey had functional limitations stemming from his injury but that he was still able to use his right hand for daily activities and that he could perform a job that accommodated those limitations. This opinion was largely corroborated by the written assessments of two state agency physicians who reported that Ramey could balance, stoop, kneel, crouch, and crawl; that he could lift or carry twenty pounds occasionally and ten pounds frequently; and that he could stand or walk for six hours during an eight-hour workday. The assessments noted that Ramey could perform unlimited reaching and handling with his left hand but that such activities were limited in his right hand. The records from Ramey's pain management specialist revealed that Ramey had stiff joints and decreased grip strength in his right hand, but grossly intact motor strength in his arms, normal reflexes, and no muscle wasting. The records further indicated that Ramey was prescribed two pain medications and a regimen of home exercises that, as recently as May of 2008, resulted in Ramey reporting that he was doing fairly well on his medications and

that he was performing his daily activities with less discomfort.[2] In addition to the medical records, the ALJ heard testimony from an impartial vocational expert. The vocational expert testified that a person with Ramey's limitations could hold a number of jobs at which Ramey had worked in the past. The expert provided a representative list of a number of other common occupations that Ramey could perform, including bagger, counter supply worker, gate attendant, and security surveillance monitor. In opposition to this testimony, Ramey submitted a report prepared at the request of his attorney by a vocational expert. That expert reported that Ramey lacked manual dexterity in both hands and that, with a prior felony conviction and without a diploma or GED, Ramey would have a difficult time finding employment. After the conclusion of the hearing, Ramey submitted the written opinion of a second vocational expert. The expert opined that some of the jobs identified by the impartial vocational expert could not be performed with one hand and that Ramey's felony conviction would be a barrier to entry into many of the other positions.

After reviewing the evidence, the ALJ found that Ramey's injury qualified as an impairment, but that he was not disabled within the meaning of the Social Security Act. The ALJ concluded that Ramey had experienced some changes in his impairment but that he could perform a range of work that he had performed in the past or, in the alternative, that he could perform a number of other light, unskilled jobs existing in the national economy. Ramey urges the court that the ALJ failed to accord sufficient weight to the opinions of his treating physician (to the extent that those opinions favored him) and to the opinions of his own vocational expert.

---

[2] Ramey's physician noted that his patient "always had a fairly high demand for pain medication"and that he tended to have "a lot of discomfort that [could] not always be explained objectively."

3

Ramey further claims that the ALJ erred in accepting and relying on the opinion of the impartial vocational expert who testified at his hearing.

## II.

This court's review is limited to a determination of whether there is substantial evidence to support the Commissioner's conclusion that Ramey failed to meet the conditions for entitlement. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971). The court may not conduct a de novo review or reweigh the evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir 1972). Substantial evidence is such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If substantial evidence exists, the court must affirm the final decision of the Commissioner. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Further, any credibility determinations made by the ALJ are entitled to great weight. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

In this case, substantial evidence supports a finding that Ramey is not disabled within the meaning of the Social Security Act. Contrary to Ramey's claim that the ALJ did not accord proper weight to the opinion of Ramey's treating physician, the ALJ noted that he did, in fact, accord weight to the physician's opinion, conceded that Ramey's right hand impairment was well-documented, and incorporated the documented limitations into his final decision. Further, the ALJ noted that the report by Ramey's own vocational evaluator was inconsistent with the rest of the evidence in the record, including Ramey's documented ability to do light household

4

chores such as cooking, laundry, and readying his children for school.[3] Instead, the ALJ relied on the opinion of an impartial and highly qualified vocational expert in determining that Ramey still has the ability to work despite his impairment. In addition, the ALJ considered the reports of two other medical experts who opined that Ramey could perform work that would accommodate his limitations, including work that he had done in the past, such as packing, sorting, and working as a short-order cook. The impartial vocational expert testified to the same effect, and evidence was presented that Ramey continued to use his right hand and that his pain was well-controlled by medication. Finally, the ALJ noted that he found Ramey to be "not credible." Because the ALJ had the opportunity to observe Ramey's demeanor and determine his credibility firsthand, "the ALJ's observations concerning these questions are to be given great weight." Shively, 739 F.2d at 989. Ramey is essentially asking the court to reweigh the evidence presented to the ALJ, and this the court cannot do.

The evidence presented was adequate to support a conclusion by a reasonable mind that Ramey has experienced some changes in his impairment since his last application but that he still has the ability to work at jobs widely available in the national economy. It follows that there is substantial evidence to support the ALJ's decision. The court therefore affirms the decision of the Commissioner and enters summary judgment in his favor.

**ENTER:** This 12th day of October, 2011.

UNITED STATES DISTRICT JUDGE

---

[3] In his disability application, Ramey reported that he ensured that his children got up in time for school, got on the bus, and did their homework; that he prepared his own meals every day; that he washed his own clothes with some assistance; that he went outside daily, walked, and took public transportation; and that he socialized with friends, his children, and his mother.

5